# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

VINCENT B. BLAKE                                                              PLAINTIFF

V.                                                      CAUSE NO. 1:10-CV-128-SA-JAD

MURPHY OIL USA, INC.                                             DEFENDANT

## MEMORANDUM OPINION

Currently before the Court is Defendant's Motion to Dismiss and to Compel Arbitration [4]. For the reasons stated below, the motion is granted.

## I. BACKGROUND

Plaintiff – a black man – worked for Defendant on two separate occasions. This case concerns the second period of employment, which began on November 21, 2008 and ended with Plaintiff's termination on December 21, 2008. Prior to each period of employment, Plaintiff entered into an arbitration agreement in which he and Defendant purportedly agreed to arbitrate any disputes related to his employment.

Plaintiff alleges that shortly before his termination on December 21, 2008, his district manager told him that he would not have been hired if his relationship with a white woman had been known. Plaintiff filed a timely charge of discrimination with the EEOC and filed the present case alleging a Title VII discrimination claim. Defendant subsequently filed its Motion to Dismiss and Compel Arbitration, which the Court now considers.

## II. DISCUSSION

The Federal Arbitration Act (FAA) provides that written provisions for arbitration are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "leaves no place for the exercise of discretion by a district

court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed . . . absent a ground for revocation of the contractual agreement." Dean, Witter, Reynolds, Inc. v. Byrd, 470 U.S. 213, 218, 105 S. Ct. 1238, 84 L. Ed. 2d 158 (1985). State law governing contracts may be applied to invalidate an arbitration agreement "if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally." Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 686-87, 116 S. Ct. 1652, 134 L. Ed. 2d 902 (1996) (quotation omitted). However, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983).

In determining whether a party should be compelled to arbitrate, this Court employs a two-step analysis. Sherer v. Green Tree Servicing, LLC, 548 F.3d 379, 381 (5th Cir. 2008). First, the Court determines if the party has agreed to arbitrate the dispute. Id. The Court then determines whether there is any federal statute or policy which renders the claims nonarbitrable. Id. Neither party argues the presence of a federal statute or policy which would bar arbitration of Plaintiff's claim.[1] Therefore, the Court's analysis is limited to the first question: whether the parties have agreed to arbitrate the dispute.

When determining whether parties have agreed to arbitrate a dispute, the Court considers two issues: (1) whether there is a valid agreement to arbitrate the claims, and (2) whether the dispute in

---

[1] Indeed, Title VII claims are subject to arbitration under the FAA. Alford v. Dean Witter Reynolds, Inc., 939 F.2d 229, 230 (5th Cir. 1991).

2

question falls within the scope of that arbitration agreement. Id. In deciding these issues, the Court applies "ordinary state-law principles that govern the formation of contracts." Graves v. BP Am. Inc., 568 F.3d 221, 222 (5th Cir. 2009). Plaintiff has raised several alternative defenses to the enforcement of the arbitration agreement.

A.   *Fraudulent Inducement*

Plaintiff argues that he was fraudulently induced to enter the arbitration agreement. "Fraud in the inducement arises when a party to a contract makes a fraudulent misrepresentation . . . for the purposes of inducing the innocent party to enter a contract." Lacy v. Morrison, 906 So. 2d 126, 129 (Miss. Ct. App. 2004). To prove fraudulent inducement, a party must prove the following elements by clear and convincing evidence:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the matter reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance upon its truth; (8) his right to rely thereon; (9) his consequent and proximate injury.

Id. (quoting Great S. Nat'l Bank v. McCullough Envtl. Servs. Inc., 595 So. 2d 1282, 1289 (Miss. 1992)).

Plaintiff has failed to offer any evidence of a material false representation made to him which induced him to enter the arbitration agreement. He merely argues that he would not have been considered for employment if he had not entered the agreement. Accordingly, the Court rejects this argument.

B.   *Fraud in Factum*

It is not clear to the Court whether Plaintiff actually argues a contract defense of fraud in factum. Plaintiff's brief includes the phrase "fraud in factum" and includes citations to Texas state

3

court decisions on the subject, but Plaintiff failed to make any argument for the application of such a defense in this case or cite any Mississippi law on the subject. Nonetheless, the Court will assume that Plaintiff has argued a contract defense of fraud in factum.

Generally, when a party enters a contract, he is bound by its terms, notwithstanding whether he actually read the contract. Stephens v. Equitable Life Assurance Soc'y, 850 So. 2d 78, 82 (Miss. 2003). Mississippi courts recognize an exception to this rule in cases where fraud in factum has occurred. Barnes v. First Franklin Fin. Corp., 313 F. Supp. 2d 634, 640 (S.D. Miss. 2004). Fraud in factum is a "misrepresentation as to the nature of a writing that a person signs with neither knowledge nor reasonable opportunity to gain knowledge of its character or essential terms." Ross v. Citifinancial, Inc., 344 F.3d 458, 465 (5th Cir. 2003), *cert. denied*, 546 U.S. 813, 126 S. Ct. 335, 163 L. Ed. 2d 48 (2005). The Mississippi Supreme Court has held: "If a person is ignorant of the contents of the written instrument and signs it under the mistaken belief, induced by misrepresentation, that it is an instrument of a different character, without negligence on his part, the agreement is void." Johnson v. Brewer, 427 So. 2d 118, 123 (Miss. 1983). "[A]lthough it used the word 'induced,' it is clear from this language that the Mississippi Supreme Court is discussing fraud in factum . . . where the character of the document is misrepresented." Ross, 344 F.3d at 465.

In the present case, Plaintiff has offered no evidence that he reasonably misapprehended the nature of the arbitration agreement or that Defendant misrepresented its nature. Accordingly, the Court rejects Plaintiff's fraud in factum argument.

## C. *Meeting of the Minds/Mutual Assent*

Plaintiff argues - without any factual elaboration - that no valid arbitration agreement exists because there was no meeting of the minds or mutual assent between himself and Defendant. The

4

mutual assent of each of the contracting parties to the terms of the contract is essential to the formation of a valid contract. Lanier v. State, 635 So. 2d 813, 826 (Miss. 1994). The Court "will not draft a contract between the two parties where they have not manifested a mutual assent to be bound." A. Copeland Enters. v. Pickett & Meador, Inc., 422 So. 2d 752, 754 (Miss. 1982). "Whether there was a meeting of the minds is determined by considering whether the parties mutually agreed to the terms offered and accepted." Stellar Group v. Pilgrim's Pride Corp., 2007 U.S. Dist. LEXIS 23254 (S.D. Miss. Mar. 28, 2007) (citing Hutton v. Hutton, 119 So. 2d 369, 374 (Miss. 1960)).

Plaintiff has not offered any evidence to support his argument that no mutual assent existed between himself and Defendant. Indeed, the only evidence in the record relevant to this issue is the arbitration agreement signed by Plaintiff. Accordingly, the Court rejects Plaintiff's argument that there was no meeting of the minds or mutual assent between himself and Defendant.

### D.    *Electronic Signature*

Plaintiff argues that the only arbitration agreement he actually signed was prior to his previous employment with Defendant, insofar as the arbitration agreement at issue in the present case was signed electronically. The Electronic Signatures in Global and National Commerce Act established a general rule of validity for electronic signatures in transactions in or affecting interstate commerce. See 15 U.S.C. § 7001. The act provides:

> Notwithstanding any statute, regulation, or other rule of law . . . with respect to any transaction in or affecting interstate or foreign commerce –
>
> (1)    a signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form; and
>
> (2)    a contract relating to such transaction may not be denied legal effect,

> validity, or enforceability solely because an electronic signature or electronic record was used in its formation.

15 U.S.C. § 7001(a). The act further provides that a state "statute, regulation, or other rule of law may modify, limit, or supersede the provisions" cited above only if the state law 1) "constitutes an enactment or adoption of the Uniform Electronic Transactions Act . . . ." 15 U.S.C. § 7002(a).

Mississippi has adopted the Uniform Electronic Transactions Act (UETA). See MISS. CODE ANN §§ 75-12-1 to 75-12-39. The UETA provides that a "signature may not be denied legal effect or enforceability solely because it is in electronic form." Accordingly, the Court rejects Plaintiff's argument that an electronic signature has no legal effect. See also J.M. v. Bailey, 2010 Miss. App. LEXIS 417, *12 (Miss. Ct. App. Aug. 3, 2010) (where party argued that a letter was unsigned, court held that the letter "did in fact bear an electronic signature").

### E. Mutual Obligation

Plaintiff argues - without any factual elaboration - that the arbitration agreement is invalid because it lacks "mutuality." It is unclear whether Plaintiff is repeating his mutual assent argument or arguing that the arbitration agreement lacks mutuality of obligation. In the interest of thoroughness, the Court will assume that Plaintiff argues that the agreement lacks mutuality of obligation.

The federal courts of this state have consistently held that "mutuality of obligation is not required for a contract to be enforceable and that an arbitration clause is not unenforceable solely because it is one-sided." Griffin v. Abn Amro Mortgage Group, Inc., 2009 U.S. Dist. LEXIS 13883, *5-*6 (N.D. Miss. Feb. 6, 2009) (quoting Family Fin. Servs., Inc. v. Fairley, 173 F. Supp. 2d 565, 572 (S.D. Miss. 2001)); see also Shelley v. Coldwell Banker Real Estate Corp., 2006 U.S. Dist. LEXIS 28751, *4-*5 (N.D. Miss. May 11, 2006) (citing McKenzie Check Advance of Miss., LLC

6

v. Hardy, 866 So. 2d 446, 453 (Miss. 2004)). Therefore, even if the agreement lacked mutuality of obligation, it would not necessarily be unenforceable.

Regardless, Plaintiff has not specified any obligations imposed upon him by the agreement that are not likewise imposed upon Defendant. The agreement provides: "This Agreement mutually binds Individual and Company to arbitrate any and all disputes between them as set forth herein." Indeed, the Court is satisfied, upon close inspection of the agreement, that it imposes the same substantive restrictions upon each party.[2] Therefore, the agreement imposes mutual obligations on both parties.

## G.    *Unconscionability*

Plaintiff argues that the agreement is procedurally and substantively unconscionable. The only aspect of the agreement which Plaintiff points to in support of this argument is the fact that the agreement was signed electronically. The Mississippi Supreme Court has defined "unconscionability" as "an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." Covenant Health & Rehab. of Picayune, LP v. Moulds, 14 So. 3d 695, 699 (Miss. 2009) (quotation omitted); see also Cleveland v. Mann, 942 So. 2d 108, 114 (Miss. 2006). A contract provision may be either procedurally or substantively unconscionable. Moulds, 14 So. 3d at 699.

### 1.    *Procedural Unconscionability*

"Procedural unconscionability looks beyond the substantive terms which specifically define a contract and focuses on the circumstances surrounding a contract's formation." Cleveland, 942

---

[2]There is one exception to this observation. While Plaintiff is only obligated to pay his own filing fee in the event of arbitration, Defendant must pay "all costs of arbitration charged by" the American Arbitration Association.

7

So. 2d at 114 (quoting Vicksburg Partners, L.P. v. Stephens, 911 So. 2d 507, 517 (Miss. 2005)). "Procedural unconscionability may be proved by showing a lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of the parties and/or a lack of opportunity to study the contract and inquire about the contract terms." Id. (quoting East Ford, Inc. v. Taylor, 826 So. 2d 709, 714 (Miss. 2002)).

Plaintiff argues that the arbitration agreement is procedurally unconscionable because he signed it electronically. As the Court noted above, a "signature may not be denied legal effect or enforceability solely because it is in electronic form." MISS. CODE ANN. § 75-12-13.

   *2.   Substantive Unconscionability*

To determine whether a contract is substantively unconscionable under Mississippi law, the Court must "look within the four corners of an agreement in order to discover any abuses relating to the specific terms which violate the expectations of, or cause gross disparity between, the contracting parties." Moulds, 14 So. 3d at 699. "Substantive unconscionability is proven by oppressive contract terms such that there is a one-sided agreement whereby one party is deprived of all the benefits of the agreement or left without a remedy for another party's nonperformance or breach." Id. at 699-700 (internal quotation omitted). "Substantively unconscionable clauses have been held to include waiver of choice of forum and waiver of certain remedies." Pitts v. Watkins, 905 So. 2d 553, 555 (Miss. 2005) (quoting East Ford, Inc., 826 So. 2d at 711).

In the current case, Plaintiff has not specified a reason why he believes that the arbitration agreement is substantively unconscionable. As the Court noted above, the agreement provides, "This Agreement mutually binds Individual and Company to arbitrate any and all disputes between them as set forth herein." The agreement does not limit the parties' damages, attempt to set a statute

8

of limitations shorter than that provided by Mississippi law, or bind one party to arbitration while allowing the other to pursue claims in court. See Fradella v. Seaberry, 952 So. 2d 165, 172 (Miss. 2007); Pitts, 905 So. 2d at 556-58 (Miss. 2005).

The Court discerns only one statement in Plaintiff's brief which resembles a substantive unconscionability argument: Plaintiff's assertion that he signed the arbitration agreement under "undue influence," insofar as he had to sign it to be considered for employment. Liberally construing Plaintiff's response, the Court will interpret this statement as an argument that the arbitration agreement was a contract of adhesion. "Contracts of adhesion are those that are 'drafted unilaterally by the dominant party and then presented on a take-it-or-leave-it basis to the weaker party who has no real opportunity to bargain about its terms.'" Moulds, 14 So. 3d at 701 (quoting East Ford, Inc., 826 So. 2d at 716).

A finding that a contract is one of adhesion does not necessarily mean that the contract or any provision therein is substantively unconscionable. Id.; Carson v. Higbee, 149 Fed. Appx. 289, 294 (5th Cir. 2005). "However, such a finding 'makes an argument targeting a provision for a substantive unconscionability review easier to prove." Moulds, 14 So. 3d at 701. Therefore, as Plaintiff has not identified a specific provision in the arbitration agreement which he believes is substantively unconscionable, an argument that the contract is one of adhesion is irrelevant.

The Court further notes that Plaintiff has offered no evidence that he is a "weaker party . . . prevented by market factors, timing or other pressures from being able to contract with another party on more favorable terms or to refrain from contracting at all." East Ford, Inc., 826 So. 2d at 716; see also Bell v. Koch Foods of Miss., LLC, 2009 U.S. Dist. LEXIS 38003, *21 (S.D. Miss. May 5, 2009) (where plaintiffs presented no evidence that they were prevented from contracting

9

with a different party or from refraining from contracting at all, court declined to hold that contract was one of adhesion); MS Credit Ctr., Inc. v. Horton, 926 So. 2d 167, 178 (Miss. 2006) (where party failed to present evidence that she did not voluntarily enter a contract, court declined to hold that it was an adhesion contract). Accordingly, the Court rejects Plaintiff's argument that the arbitration agreement was substantively unconscionable.

### III. CONCLUSION

For the reasons stated above, the Court grants Defendant's Motion to Dismiss and Compel Arbitration [4]. This case is dismissed with prejudice. Armstrong v. Assocs. Int'l Holdings Corp., 242 F. App'x 955, 959 (5th Cir. 2007) ("the Fifth Circuit encourages district courts to dismiss cases with noting but arbitrable issues because staying the action serves no purpose."); Alford, 975 F.2d at 1164 (district court acted within its discretion when it dismissed a case with prejudice where *all* of the issues raised were subject to arbitration). An order consistent with this opinion shall issue on this the 14th day of September, 2010.

/s/ Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**